STURGIS, Judge.
This is an appeal from a summary final judgment in favor of W. E. Duggan and wife, who were defendants in an action at law brought by L. B. Williams, plaintiff below, to recover damages for personal injuries alleged to have been incurred as a result of defendants’ negligence.
The pleadings and proofs reflect that plaintiff-appellant, a carpenter, was one of four persons employed to make repairs to .the home of defendants in Crestview, Florida, the other three having worked as plaintiff’s helpers. In the course of employment plaintiff undertook to move a ladder which became unbalanced and fell, as a result of which plaintiff suffered bodily injuries causing him to be totally disabled for a period of approximately one year. The defendant employers did not comply with the Workmen’s Compensation Law by maintaining compensation insurance or qualifying as self-insurers as provided by Chapter 440, Florida Statutes 1959, F.S.A.
Plaintiff first filed with the Florida Industrial Commission, Workmen’s Compensation Division, a claim against said employers for compensation under the Workmen’s Compensation Law, which- was dismissed by a Deputy Commissioner for failure to prosecute in accordance with the rules of procedure of said Commission. Plaintiff applied to the Full Commission for review of the order of dismissal and pending disposition thereof brought this suit in the Circuit Court of Okaloosa County to recover damages for the same injuries as to which the claim for compensation was pending before the Florida Industrial Commission, alleging failure of defendants to secure the payment of compensation or to qualify themselves as self-insurers under the provisions of the Workmen’s Compensation Law and charging defendants with negligence in several particulars resulting in the injury.
Section 440.11, Florida Statutes 1959, F. S.A., provides:
“Exclusiveness of liability. The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure pay *71 ment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.”
Pleadings of defendants herein alerted the court below to the fact that said claim before the Florida Industrial Commission was pending and thereafter plaintiff filed with the Florida Industrial Commission an abandonment of the claim and request for dismissal of any action pending thereon, in compliance with which the Full Commission entered an order accordingly. In the interval between said request and the Commission’s order thereon defendants moved for a summary judgment on the ground that plaintiff had elected to claim compensation for said injuries under the Workmen’s Compensation Law and was therefore barred from maintaining this independent action at law for damages arising out of the same factual background. In support thereof defendants filed certified copies of transactions before the Florida Industrial Commission, consisting of said claim for compensation, the order of the Deputy Commissioner dismissing same for want of prosecution, the application for review of said order by the Full Commission, and the order of the Full Commission dismissing the claim at plaintiff’s request. From an order granting defendants’ motion and entering summary final judgment in favor of defendants, the plaintiff appeals.
The sole question for determination is whether the plaintiff, by the institution and prosecution of the claim for compensation under Chapter 440, Florida Statutes, F.S.A., commonly known as the Workmen’s Compensation Law, is precluded from prosecuting this action in the circuit court. The question must be answered in the affirmative.
Appellant correctly asserts that in construing Section 440.11, Florida Statutes, F.S.A., we must consider the Workmen’s Compensation Law (F.S. Chapter 440, F.S. A.) as a whole, citing Southern Bell Tel. & Tel. Co. v. Pinkerman (Fla.1950), 47 So.2d 547. He then points to the provisions of Section 440.19(4), Florida Statutes, F.S.A., whereby when recovery is denied in a suit at law or in admiralty on the ground that the plaintiff was an employee and the defendant was an employer within the meaning of the Workmen’s Compensation Law and that such employer had secured compensation to such employee under the law, the limitation of time prescribed in subsection (1) of said Section 440.19 begins to run only from the date of termination of the suit, and on this premise asserts the existence of a legislative intent to allow a claimant who for any cause is unsuccessful before one or the other tribunals to which he may initially apply for relief, to have a go at it in the other forum. We must reject that contention.
There is an obvious distinction between the situation contemplated by the mentioned provision of F.S. 440.19(4), F.S.A. and that with which we are confronted under F.S. 440.11, F.S.A. Section 440.19(4) operates to preserve to the employee the rights and benefits to which he is entitled in the light of the employer’s qualification and coverage under the Workmen’s Compensation Law,' while Section 440.11 affords the employee, or his personal representative where death ensues, and where the employer has failed to secure payment of Workmen’s Compensation benefits as required by law, the very important right to elect — take a choice — ■ between claiming compensation under the act or to maintain an action at law or in admiralty for damages caused by the injury or death; and if he elects under such circumstances to proceed with an action at law or in admiralty, the defendant “may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the *72 employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.”
We are aware of the majority rule whereby, absent a statute such as ours, it is generally held that an injured workman or his dependent is not barred from maintaining an action at law merely because of an unsuccessful attempt to recover for the injuries under a Workmen’s Compensation Act. The statute spells the difference. Appellant heavily relies on Conrad v. Youghiogheny & Ohio Coal Co., 107 Ohio St. 387, 140 N.E. 482, 36 A.L.R. 1288. That case however, can be of no comfort to appellant. The complaint therein charged negligence on an alleged violation of duties under the principles of common law, and admitted that the injury was sustained by the deceased while riding on one of defendant’s cars to his home "after the termination of his day’s employment, and while not in the course of his employment.” The annotation at 36 A.L.R. 1293, following the cited case, deals primarily with situations where the employment is one to which the Workmen’s Compensation Act is not applicable, or where the plaintiff was not at the time of injury engaged in the performance of services for the master, so that the Act does not embrace the injury. Consistent with the annotation, the cited case adheres to the general rule, with which we agree, that rejection by the Workmen’s Compensation Commission of a claim for compensation on the ground that at the time of injury the deceased was not in the employ of the defendant or killed in the course of employment, does not preclude a common law action from being maintained by the personal representative of a killed employee. The logic of this rule is so obvious as not to require elaboration.
The word “elect” is defined by Webster’s New International Dictionary, Second Edition, as meaning “to select; to determine by choice; to decide upon; to choose.” As used in F.S. Sec. 440.11, F.S.A., it cannot be said that the legislature intended to afford one in the position of the plaintiff in this cause the right to litigate in successive tribunals to the end that being unsuccessful in the first, he may prevail in the second. The employer’s liability is fixed under the Workmen’s Compensation Law. It does not comprehend that he or the employee may be put to the expense of repeatedly litigating their rights. Finding no error, the judgment appealed is
Affirmed.
CARROLL, DONALD K„ Chief Judge, and RAWLS, J., concur.